UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 2 5 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Clinton T. Eldridge,       )
                           )
          Petitioner,      )
                           )
v.                         )  Civil Action No.  10 1440
                           )
Blake R. Davis,            )
                           )
          Respondent.      )

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on petitioner's application for a writ of *habeas corpus*, accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner is a prisoner at the United States Penitentiary in Florence, Colorado, serving a sentence of 40 to 120 years imposed by the Superior Court of the District of Columbia on July 19, 1984. Pet. at 2. He challenges his convictions on multiple counts of rape, robbery and burglary following his pleas of guilty. *See* Pet. at 2 & Ex. A. It is established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and that absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum," *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted). Under District of Columbia law,

[an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to

apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). Petitioner acknowledges that he has applied for relief under § 23-110 more than once and that "[e]ach time I appeal, the court always deny [sic] my appeal. . . . Even the Supreme Court have [sic] denied appeal." Pet. at 4; *see* Ex. H (Judgment of the District of Columbia Court of Appeals) (observing in December 2009 that "this appeal represents appellant's ninth post judgment filing wherein [he] raises issues that have previously been considered and rejected by the Superior Court and this court"). Petitioner's lack of success in those courts does not render his local remedy inadequate or ineffective, *see Garris v. Lindsay*, 794 F.2d at 727; *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases), and he has provided no other basis for finding the local remedy inadequate. *See Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009) (concluding that this Court would have jurisdiction over a "federal habeas petition asserting ineffective assistance of appellate counsel after [the petitioner has] moved to recall the mandate in the D.C. Court of Appeals[.]"). This Court therefore lacks authority to entertain the petition. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: August /7, 2010

2